[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-14225
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 24, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:11-cr-00181-WSD-GGB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HORBIN ARTIAGA-LAINES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(February 24, 2012)

Before CARNES, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Horbin Artiaga-Laines pleaded guilty to one count of reentry of a deported

alien, in violation of 8 U.S.C. § 1326(a), and was sentenced to 27 months'

imprisonment. He now appeals, challenging the sentence imposed as substantively unreasonable. We affirm.

After being deported in 1999, 2001, and 2002 following drug-related convictions, Artiaga-Laines again reentered the United States without permission. Authorities discovered his return when he was arrested for another drug offense in 2010. Artiaga-Laines then pleaded guilty to one count of illegal reentry under 8 U.S.C. § 1326(a).

The district court calculated Artiaga-Laines's advisory guideline range under U.S.S.G. § 2L1.2(a), with a 12-level enhancement because he had previously been deported following a drug-trafficking offense, § 2L1.2(b)(1)(B). Artiaga-Laines received a 3-level reduction for acceptance of responsibility, which resulted in a total adjusted offense level of 17. Artiaga-Laines's criminal history placed him in category II, but there were two prior drug convictions that were not counted in the calculations because they were too remote in time. The resulting guideline range Artiaga-Laines faced was 27 to 33 months' imprisonment.

Artiaga-Laines requested a sentence below the advisory guideline range, explaining that his family remained in Honduras, he now realized the severity of the punishment he faced for his continued illegal reentries, and he no longer wished to return to the United States because the journey was very long and

dangerous. The district court sentenced Artiaga-Laines to 27 months' imprisonment, the low end of the guideline range, stating that the sentence was just punishment that was necessary to deter such behavior and to protect the public. The court explained that it had considered his background and the nature and circumstances of the offense, stating: "I believe under the 3553 factors that this is a fair and reasonable sentence."

We review the reasonableness of a sentence under a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007). We may set aside a sentence only if we determine, after giving a full measure of deference to the sentencing judge, that the sentence imposed truly is unreasonable. *United States v. Irey*, 612 F.3d 1160, 1191 (11th Cir. 2010) (*en banc*), *cert. denied*, 131 S.Ct. 1813 (2011).

The district court must impose a sentence "sufficient, but not greater than necessary to comply with the purposes" listed in § 3553(a)(2). 18 U.S.C. § 3553(a). These purposes include the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. 18 U.S.C. § 3553(a)(2). We examine whether the sentence is substantively reasonable in light of the totality of the circumstances. *Gall*, 552

U.S. at 51. "The party challenging the sentence bears the burden to show it is unreasonable in light of the record and the § 3553(a) factors." *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). Although we do not automatically presume a sentence falling within the guideline range to be reasonable, we ordinarily expect such a sentence to be reasonable. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008).

After a review of the record, we conclude that Artiaga-Laines has not met his burden to demonstrate that his sentence was substantively unreasonable. The 27-month sentence is reasonable as an attempt to deter Artiaga-Laines from reentering the United States again. Although Artiaga-Laines offered mitigating factors in support of his request for a below-guideline sentence, the district court considered the need to punish and deter before finding that a sentence at the low end of the guideline range was sufficient, but not greater than necessary to meet the § 3553(a) factors. And, despite Artiaga-Laines's claim that the long term of imprisonment he would face in the future if he were to return will deter him, his history demonstrates his recidivist behavior. He has repeatedly reentered the United States despite the long and dangerous journey, his family's presence in Honduras, his child's illness, and the risk of increased punishment. And with each reentry, Artiaga-Laines committed another drug-related offense. On these facts,

we cannot conclude that the district court abused its discretion.

We also reject Artiaga-Laines's arguments that (1) the court failed to properly consider the non-violent nature of his federal offense, (2) the 12-level enhancement led to a substantively unreasonably sentence because it is arbitrary, and (3) the sentence is unreasonable because it represents double-counting. These arguments, raised for the first time on appeal, do not show that the court erred in determining an appropriate sentence.[1] As a result, Artiaga-Laines did not meet his burden of showing that the district court abused its discretion. The sentence imposed is reasonable.

**AFFIRMED.**

---

[1] We review sentencing arguments raised for the first time on appeal for plain error. *United States v. Bonilla*, 579 F.3d 1233, 1238 (11th Cir. 2009). We have not addressed the relationship between the plain error standard of review and reasonableness review in a published opinion. But we need not resolve the question here because Artiaga-Laines's sentence is reasonable under an abuse of discretion standard of review.